# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| ANTHONY M. BUSH, JR., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No.** 4:14-cv-00799-DGK |
| | ) | |
| ALLIED INTERSTATE, | ) | |
|     Defendant. | ) | |

## DEFENDANT ALLIED INTERSTATE'S ANSWER

Defendant Allied Interstate, by and through counsel, denies all allegations in the Verified Complaint for Damages that are not specifically admitted herein and further answers as follows:

## INTRODUCTION

1. This paragraph contains only a legal statement, not a factual contention, to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief about the truth of this allegation; therefore, it is DENIED.

## THE PARTIES

2. Whether Plaintiff is a "consumer" as defined by federal and state law is a legal conclusion, not a factual contention, to which no response is required. To the extent a response is required, DENIED. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remainder of the allegation; therefore, it is DENIED.

3. Whether Defendant is a "debt collector" as defined by federal law is a legal conclusion, not a factual contention, to which no response is required. To the extent a response is required,

1

DENIED. The remainder of the paragraph is DENIED. Defendant affirmatively states that it is a limited liability corporation formed under the laws of the state of Minnesota.

## JURISDICTION AND VENUE

4. Whether jurisdiction and venue are proper are legal conclusions, not factual contentions, to which no response is required. To the extent a response is required, DENIED. Defendant affirmatively states that it has removed this case from the State Court to the Federal District Court, and has no objection to the jurisdiction of the United States District Court for the Western District of Missouri, Western Division.

## FACTUAL ALLEGATIONS

5. Defendant lacks sufficient knowledge or information to form a belief about the truth of this allegation; therefore, it is DENIED.

6. This paragraph contains only a legal conclusion, not a factual contention, to which no response is required. To the extent a response is required, DENIED.

## FIRST CAUSE OF ACTION

**VIOLATION OF RSMo 407.020 and 15 USC § 1681i FAIR CREDIT REPORTING ACT**

7. This paragraph contains no factual contentions; therefore, no response is required. To the extent a response is required, DENIED.

8. This paragraph contains only a legal conclusion, not a factual contention, to which no response is required. To the extent a response is required, DENIED.

9. Whether Defendant is a "credit furnisher" as defined by federal law is a legal conclusion, not a factual contention, to which no response is required. To the extent a response is required, DENIED. Defendant lacks sufficient knowledge or information to form a belief about the allegation regarding TransUnion; therefore, it is DENIED.

10. This paragraph contains only a legal conclusion, not a factual contention, to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief about the truth of this allegation; therefore, it is DENIED.

11. This paragraph contains only a legal conclusion, not a factual contention, to which no response is required. To the extent a response is required, ADMITTED.

12. This paragraph contains only a legal conclusion, not a factual contention, to which no response is required. To the extent a response is required, DENIED. Defendant affirmatively states that these are not the sole "permissible purposes" permitted by 15 U.S.C. § 1681(b).

13. ADMITTED. Defendant affirmatively states that a collection agency may obtain a consumer's credit report for the purpose of collecting a consumer's account. 15 U.S.C. § 1681b(A)(3)(A).

14. This paragraph contains only a legal conclusion, not a factual contention, to which no response is required. To the extent a response is required, DENIED.

15. ADMITTED.

16. Defendant lacks sufficient knowledge or information to form a belief about the allegation regarding Plaintiff's intentions, therefore, it is DENIED. Defendant ADMITS that Plaintiff received no response from Defendant.

17. Whether Defendant's actions were with a permissible purpose, a willful violation of federal statute, a violation of Plaintiff's right to privacy, and a criminal violation are all legal conclusions, not factual contentions, to which no response is required. To the extent a response is required, DENIED. Plaintiff's factual allegation that Plaintiff did not give Defendant permission to obtain his consumer credit report is DENIED.

18. This paragraph contains only legal conclusions, not factual contentions, to which no response is required. To the extent a response is required, DENIED.

## DEFENDANT'S AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Defendant was authorized to inquire regarding Plaintiff's consumer credit report pursuant to 15 U.S.C. § 1681b(A)(3)(A).

3. Plaintiff, by contract, explicitly authorized Defendant, as an agent of the Department of Education, to inquire regarding Plaintiff's consumer credit report.

4. Defendant specifically reserves the right to amend or assert additional affirmative defenses as ascertained during the course of discovery.

Respectfully submitted,

*McDowell Rice Smith & Buchanan P.C.*

By: */s Louis J. Wade*
Louis J. Wade #29034
605 W 47th Street, Ste.350
Kansas City, MO 64112
(816) 960-7323 FAX (816) 753-9996
E-mail: lwade@mcdowellrice.com
ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document was filed electronically with the above-captioned Court and was mailed in the U.S. Mail, postage prepaid, on the 19th day of September, 2014, to:

Anthony M. Bush, Jr.
4600 North Highland
Kansas City, MO 64116
PLAINTIFF, PRO SE

                                        */s/__Louis J. Wade*_____
                                        Louis J. Wade

5

Case 4:14-cv-00799-DGK   Document 6   Filed 09/19/14   Page 5 of 5